Chapman & al. *v.* Shaw.

## CHAPMAN & AL. *vs.* SHAW.

Where a note, payable in twelve months, was given as the consideration for a written engagement of the payee to convey certain goods to the maker at a future day, and the payee forthwith indorsed and sold the note for its amount in money, after which the original contract was rescinded ;—it was held that the maker of the note might recover the amount of the payee, though the twelve months had not elapsed.

This was a general *indebitatus assumpsit* for the balance of an account annexed to the writ, being $2415,59. It was commenced *Feb.* 7, 1825, and was tried at the last *September* term, before the Chief Justice, upon the general issue. The only item disputed, on the debit-side of the account, was in these words :—" *Oct.* 23, 1824. Our note *Oct.* 12, 1824, at 12 months, with interest, on account of new brig *Patten,* as per receipt in day-book, $2400." The receipt ran thus :—" *Boston, Oct.* 22, 1824. Received of *H. Chapman &amp; Co.* their note of this date, at 12 months and grace, for twenty-four hundred dollars, with interest, being on account of new brig *Robert Patten,* and in consideration of which I agree to give them a bill of sale of said vessel as soon as her register is issued." This was signed by the defendant.

There was no evidence that a bill of sale of the brig had ever been given to the plaintiffs; but, on the contrary, it appeared that the plaintiffs had waived their claim to any conveyance of the vessel, which had ever remained in the possession and control of the defendant. It also appeared, that the account in suit had been previously exhibited to the defendant, who had declared it correct, and requested the plaintiff's counsel not to summon witnesses to prove it, saying he should not contest it. It was further proved, that the note was made for the purpose of enabling the defendant to raise ready cash upon it, which he did, to the full amount, soon after receiving it.

The defendant objected that the action should not have been

brought before the twelve months had expired; and that the amount of the note could not be recovered in this manner; the plaintiffs' remedy being by a special action on the contract contained in the receipt.

The jury were instructed by the Chief Justice that the charge of the note, unexplained, and not accompanied by other circumstances, could not be allowed; but that if, from all the evidence, they should be satisfied that the note was made to enable the defendant to raise cash immediately, by throwing it into the market, by the consent of all parties; which he had accordingly done, to its full amount; that this advance of their note was charged by the plaintiffs at the time by mutual agreement; that the account containing this charge had been seen and admitted by the defendant to be correct; that the plaintiffs' claim for a bill of sale had previously been waived by consent; and that they had received no consideration for the note; the jury might fairly presume, that the indorsee had regularly called on the plaintiffs, who had paid the note at its maturity; and they might thereupon allow the plaintiffs the amount of the sum charged. And they accordingly found for the plaintiffs; and the points raised at the trial were reserved for the consideration of the Court.

*Bailey* and *Allen*, for the defendant, contended that the plaintiffs had no legal claim against him. When they gave him their note, they became his debtors for the sum mentioned in it. The consideration for the note was the written contract of the defendant to do a specified act. If he failed to do this, the plaintiffs had their remedy on the contract, but were bound, at all events, to pay the note. The written contract, and that alone can be resorted to.

But if it is not the only basis of their remedy, yet they cannot recover on the general money counts, even if they were in the case. For to support them, it must be shewn that money of the plaintiffs had come to the defendant's hands. In 5. *Burr.* 2589, a transfer of India-stock would not support a count for money had and received, because it was not money. So in *Anthon's Nisi Prius*, 81. 120. *Taylor v. Higgins*, 2. *East*, 169. 8. *Johns.* 202. *Chitty on bills*, 252. But here the plaintiffs had merely lent their names for the defendant's accommodation. If, at its maturity, they

Chapman & al. *v.* Shaw.

had been obliged to take up the note, then, and not before, they might resort to an action for money lent. But not having produced it at the trial, nor offered proof of its payment, the presumption is, that it has not been paid.

Nor have they any equitable claim. The note went into the market on the credit of both names, the indorser's as well as the maker's. It was created for the benefit of the defendant. But the principle contended for by the plaintiffs, enables them to take from his pocket the money designed for him, and apply it to their own use long before the note becomes payable by them ; and still exposes him to further liability as their indorser.

*Orr* and *Sheppard,* on the other side, admitted the doctrine stated by the defendant, but insisted that by the evidence it was manifest, that the original contract was rescinded by mutual consent, and the defendant liable, upon his implied promise to refund to the plaintiffs the money he had received for their note. At this period, in the absence of proof from him to the contrary, the presumption is that his liability has never become absolute, for want of seasonable notice.

WESTON J. delivered the opinion of the Court.

No objection being made to the evidence received at the time of the trial, and none being reserved in the case, it is now too late to raise a question upon that ground.

Prior to the commencement of the action, the defendant had received the amount of the item in controversy, upon the credit of the plaintiffs. By the terms of this credit, they could not be called upon under twelve months ; but it would not necessarily follow, that they had agreed to allow the same period to the defendant. When he received their money, he immediately became their debtor to the amount ; and we cannot perceive that he has any legal defence, arising from the special circumstances of the case. The note, which forms the basis of this charge, was originally given in consideration of a written promise from the defendant, to give the plaintiffs a bill of sale of a certain brig. The bargain with regard to the brig was, by the consent of all parties, waived and rescinded. This it was

perfectly competent for them to do; and the defendant, having received his pay for the brig, would thereupon be legally bound to refund it. It does not appear that he imposed it, as a condition of the waiver on his part, that he should not be holden to refund to the plaintiffs, until their term of credit expired; but before the commencement of this action, he repeatedly admitted that this amount was a fair item of charge against him. His acknowledgment that this charge was just, and that he should not contest it, is an admission that it was then due, and is evidence of a promise to pay it, for which his previous receipt of the plaintiffs' money constituted a sufficient consideration.                    *Judgment on the verdict.*